UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WAYMON MCCOMBS, | ) | 1:09-CV-01781 SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO RANDOMLY ASSIGN DISTRICT |
| v. | ) | JUDGE |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| UNNAMED, | ) | REGARDING PETITIONER'S FAILURE TO |
| | ) | FOLLOW COURT ORDERS |
| Respondent. | ) | [Docs. #3, 5, 6] |
| | ) | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 1, 2009, Petitioner filed a petition for writ of habeas corpus. On October 9, 2009, the Court issued preliminary documents to Petitioner including an order directing Petitioner to complete and file a form indicating consent or decline to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c). The time for filing the form passed, and Petitioner failed to comply. Therefore, on November 23, 2009, the Court issued a second order directing Petitioner to complete and return a consent/decline form. The time again passed with no reply from Petitioner. Consequently, on January 11, 2010, the Court issued an order directing Petitioner to show cause why the petition should not be dismissed for his failure to obey a court order. The time to comply again passed with no response from Petitioner.

**DISCUSSION**

Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules

or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

     In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because this case has been pending in this Court since October 1, 2009. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The

1  Court's order to show cause was clear that dismissal would result from non-compliance with the
2  Court's order.

### ORDER

IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to randomly assign a District Judge to this case.

### RECOMMENDATION

The Court HEREBY RECOMMENDS that this action be DISMISSED for Petitioner's failure to comply with a court order.

This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 18, 2010**         /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE